IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COSTAR GROUP INC., and
COSTAR REALTY INFORMATION,
INC.

v. : Civil Action No. DKC 99-2983

LOOPNET, INC.

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this copyright infringement action are Plaintiffs' motions 1) for certification of final judgment of the court's direct infringement ruling under Fed. R. Civ. P. 54(b), or 2) in the alternative, for an interlocutory appeal of the direct infringement ruling pursuant to 28 U.S.C. § 1292(b), and 3) for postponement of the trial date pending the outcome of an expedited appeal to the Fourth Circuit. No hearing is deemed necessary and the issues have been fully briefed. Local Rule 105.6. For reasons that follow, the court will deny Plaintiffs' Rule 54(b) motion and their request for an interlocutory appeal under § 1292(b). Accordingly, Plaintiffs will not be able to pursue an expedited appeal on the merits. Plaintiffs' motion to postpone the trial date will also be denied.

**I. Background**

In a memorandum opinion and accompanying order dated September 28, 2001, the court granted defendant LoopNet, Inc.'s ("LoopNet") cross-motion for summary judgment on the issue of whether LoopNet

directly infringed plaintiffs CoStar Group, Inc.'s and CoStar Realty Information, Inc.'s (collectively "CoStar") copyrights. At the same time, the court denied both parties' motions for summary judgment as to LoopNet's liability for contributory infringement and as to LoopNet's "safe harbor" defense under the Digital Millennium Copyright Act ("DMCA").  In addition, CoStar's claims under the Lanham Act remain in this litigation.

Pursuant to that September 28 opinion and order, CoStar requests that the court enter final judgment in favor of LoopNet on what it categorizes as CoStar's "claim" of direct infringement and that the court grant certification under Fed. R. Civ. P. 54(b) for immediate appeal of the court's direct infringement ruling. In the alternative, CoStar seeks leave pursuant to 28 U.S.C. § 1292(b) for an immediate interlocutory appeal of that ruling. Paper no. 133, at 2.  LoopNet counters that the court's ruling on direct infringement was not a final judgment and that granting immediate appeal on this issue violates the general policy against piecemeal appeals and will result in unnecessary delay of trial. Paper no. 136, at 1,2.

## II. Analysis

    A.  *Rule 54(b) certification*

Rule 54(b) states in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved,

2

> the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The granting of piecemeal appeals pursuant to Rule 54(b) is not the regular practice of the courts: "Rule 54(b) certification is recognized as the exception rather than the norm. It should neither be granted routinely, nor as an accommodation to counsel." *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) (internal citations omitted). Furthermore, "it is settled that certification of a judgment as to a claim or party in a multi-claim or multi-party suit is disfavored in the Fourth Circuit." *Bell Microproducts, Inc. v. Global-Insync, Inc.*, 20 F.Supp.2d 938, 942 (E.D.Va. 1998).

The Supreme Court outlined the steps a court must take in making a Rule 54(b) determination in *Curtis-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7-8 (1980), *quoting Sears, Roebuck & Co. v. Mackey*, 351 US. 427, 436 (1956):

> A district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."

LoopNet asserts that the court's ruling on direct infringement is not a "final judgment" for the purposes of Rule 54(b)

3

certification.  Paper no. 136, at 3.  The requirement that the judgment be final is a threshold requirement for certification and, unlike the rest of the Rule 54(b) determination, not at the district court's discretion.  *Waldorf v. Shuta*, 142 F.3d 601, 611 (3d Cir. 1998), *citing Sears, Roebuck*, 351 U.S. at 437.  Therefore, the determination of whether the court's ruling was a final judgment may be dispositive of CoStar's Rule 54(b) motion.  Without a final judgment, the appellate court has no jurisdiction.  "Where the district court issues a certificate, [the appellate court] ha[s] no jurisdiction unless the district court had the power to do so, and the district court's determination that it had such power is not binding upon us."  *Backus Plywood Corp. v. Commercial Decal, Inc.*, 317 F.2d 339, 341 (2nd Cir. 1963) (internal citations omitted).

The court must determine, then, whether its ruling on direct infringement was a final judgment.  "Finality is defined by the requirements of 28 U.S.C. § 1291, which are generally described as 'ending the litigation on the merits and leav[ing] nothing for the court to do but execute the judgment.'"  *Gerardi v. Pelullo*, 16 F.3d 1363, 1369 (3rd Cir. 1994), *quoting Sussex Drug Prods. v. Kanasco, Ltd.*, 920 F.2d 1150, 1153-54 (3rd Cir. 1990) (internal citations omitted).  "In evaluating a motion brought under Rule 54(b), the district court must first determine whether the claims in which immediate appeal is sought are separate from remaining claims."

4

*Automated Data Systems, Inc. v. Omron Business Systems, Inc.*, 760 F.Supp. 541 (W.D. N.C. 1991).

The claims for direct and contributory infringement are not separate claims, as CoStar contends, but rather are separate theories under which CoStar seeks to hold LoopNet liable for copyright infringement. In discussing how Sony could be found liable for copyright infringement without directly infringing, the *Sony* Court stated: "The absence of such express language [as exists in the Patent Act regarding contributory infringers] in the copyright statute does not preclude the imposition of liability for copyright infringements on certain parties who have not themselves engaged in the infringing activity." *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 435 (1984). That Court did not deal with separate liability for contributory, vicarious or direct infringement, but addressed all as separate ways by which to find a party liable for the single tort of **copyright** infringement. The *Sony* Court noted that the district court in that case had been correct in that, "the lines between direct infringement, contributory infringement, and vicarious liability are not clearly drawn..." *Id*. n. 17 (internal citations omitted). Even Costar recognizes that LoopNet's liability for copyright infringement could be determined by either theory when it argues in its brief that one reason the court should grant certification is that a finding that LoopNet is liable for direct infringement as a matter

5

of law might obviate the need for a complicated jury trial on contributory infringement. Paper no. 133, at 11.[1] Since the direct and contributory infringement "claims" are not separate claims, but merely separate theories of copyright liability, the court's ruling on direct infringement is not a final judgment.

Accordingly, and in line with the general policy of the court disfavoring piecemeal appeals, CoStar's Rule 54(b) motion is denied.

    B.   *Interlocutory appeal under 28 U.S.C. § 1292(b)*

In the alternative to its request for certification under Rule 54(b), CoStar requests that the court's direct infringement ruling be immediately appealable under 28 U.S.C. § 1292(b). Paper no. 133, at 12. "[Section] 1292(b) provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *In re Cement Truck Antitrust Litigation*, 673 F.2d 1020, 1026 (9th

---

[1] CoStar tries to backtrack from this argument in its reply brief, claiming that it never stated, as LoopNet asserts, that trial on contributory infringement would not be necessary in the event of a Fourth Circuit ruling in its favor on direct infringement. Paper no. 137, at 6 n. 4. Instead, CoStar claims that it meant merely that it might not think trial on contributory infringement worth pursuing if it wins on direct infringement. This undermines the judicial efficiency and trial avoidance arguments put forward by CoStar in support its Rule 54(b) motion by indicating that, whatever the outcome of an expedited appeal, the length and scope of litigation would remain at CoStar's discretion. Furthermore, it is an irrelevant distinction in light of the precedent cited above indicating that direct and contributory infringement are merely separate theories of liability.

Cir. 1982), *aff'd for lack of forum sub non., Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983). 28 U.S.C. § 1292(b) states in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

This section, a "...narrow exception to the longstanding rule against piecemeal appeals, is limited to exceptional cases." *Beck v. Communications Workers of America*, 468 F.Supp. 93, 95-96 (D.Md. 1979).

CoStar argues that the court should grant an interlocutory appeal because the court's reliance on *Religious Technology Center v. Netcom*, 907 F.Supp. 1361 (N.D. Cal. 1995), to find LoopNet not liable for direct infringement is erroneous and presents, "a controlling issue of law as to which there is substantial ground for difference of opinion...." 28 U.S.C. § 1292(b). In addition, CoStar asserts that an immediate appeal from the court's ruling on direct infringement may eliminate the need for a trial on contributory infringement and so "may materially advance the ultimate termination of the litigation...." *Id.*

While CoStar correctly refutes LoopNet's argument that interlocutory appeal under § 1292(b) is unavailable in matters of

7

first impression, it has failed to demonstrate that there is a "substantial ground for difference of opinion." There is no precedent that demonstrates that a direct infringement analysis rather than a contributory infringement analysis is the proper rubric under which to consider LoopNet's liability for copyright infringement given the facts in the record. Furthermore, CoStar's disagreement with the court's interpretation of *Netcom*, while predicated on the relative uncertainty of copyright law in the post-DMCA era, does not demonstrate a difference of opinion regarding *Netcom* so as to necessitate the unusual step of granting an immediate interlocutory appeal. Finally, the court's general policy against piecemeal appeals in the course of ongoing litigation, especially where even a resolution in CoStar's favor on appeal would not prevent a trial as to other issues still outstanding, undermines CoStar's argument that sound trial management principles support an immediate interlocutory appeal. Accordingly, CoStar's request for an immediate appeal under 28 U.S.C. § 1292(b) is denied.

    C. *Postponement of Trial*

Inasmuch as the court has denied the motions concerning immediate appeal, those bases for delay of trial are moot. There is a second case, however, involving the same parties and similar issues that was more recently transferred to the undersigned from another judge. The schedule in place in the second case would

require a delay in trial of the first if the two cases were to be consolidated. Neither party has moved for consolidation and the court declines to order it *sua sponte*. Accordingly, at the present time, there is no reason to delay the March 2002 trial date in this case.

### III.  Conclusion

The court denies CoStar's motion for certification of its direct infringement ruling as a final judgment for immediate appeal under Rule 54(b) and for immediate interlocutory appeal under § 1292(b). CoStar's motion to postpone the trial date is, also, denied. A separate order will be entered.

*/s/ Deborah K. Chasanow*
DEBORAH K. CHASANOW
United States District Judge

November 27, 2001.